UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SILVIA MAALOUF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No.  08-2177 (RJL) |
| | ) | |
| ROBERT WIEMANN,[1] | ) | |
| | ) | |
| Defendant. | ) | |

*hv*

**MEMORANDUM OPINION**
(September *16* , 2009) [# 6]

Before the Court is defendant's Motion to Dismiss plaintiff's complaint,

which challenges the Administrative Appeals Office's ("AAO") denial of her

request for an immigration status adjustment.  Plaintiff, proceeding *pro se*, opposes

the motion.  For the following reasons, the Court GRANTS defendant's motion.

**BACKGROUND**

Dr. Sylvia Maalouf ("plaintiff" or "Maalouf") is a citizen and native of

Lebanon who entered the United States as an accredited government employee for

the embassy of the United Arab Emirates, (Def. Mot. at 3), pursuant to Section

101(a)(15)(A)(ii) of the Immigration and Nationality Act.[2]  (Compl. at 10.)  That

section authorizes "A-2" visas for foreign officials and employees other than

ambassadors, public ministers, or career diplomatic or consular officers.

---

[1] Robert Wiemann is named here in his official capacity as Chief of the
Administrative Appeals Office.

[2] Codified at 8 U.S.C. § 1101(a)(15)(a)(ii) (2006).

Maalouf's A-2 visa allowed her to enter the United States to perform work as a translator at the Washington, D.C.-based Embassy of the United Arab Emirates. (Def. Mot. Ex. B at 5.) Her situation was unusual, however, in that she was accredited by, and hired to work for, the government of a country other than her native country of citizenship. (*Id.*)

On February 2, 2000, Maalouf was notified by the United States Department of State that her A-2 visa status had terminated. (Pl. Mot. Stay [Dkt. 9] Ex. at 21.) Soon thereafter, Maalouf applied for a readjustment of her immigration status pursuant to 8 U.S.C. § 1255b ("Section 13")[3] in an attempt to obtain permanent resident status. Section 13 provides that aliens whose A-2 visas have lapsed may apply to the Attorney General for a readjustment of this kind.[4]

Maalouf's application was initially denied in October of 2007, when a District Director for the United States Citizenship and Immigration Services ("USCIS") found she had not demonstrated, as required by 8 U.S.C. § 1255b(b), sufficient compelling reasons to prevent returning her to her home country of Lebanon. (Def. Mot. Ex. B at 2.) Maalouf appealed the District Director's decision

---

[3] Readjustment pursuant to § 1255b is also referred to as "Section 13" readjustment because the provision first appeared as Section 13 of the Act of September 11, 1957, Pub. L. No. 85-3 16, 71 Stat. 642, as modified, 95 Stat. 1611.

[4] Section 1255b(a) provides in relevant part:

> Any alien admitted to the United States as a nonimmigrant under [an A-2 visa] who has failed to maintain a status under any of those provisions, may apply to the Attorney General for adjustment of his status to that of an alien lawfully admitted for permanent residence.

to the AAO. On June 20, 2008, the AAO affirmed the District Director's decision on other grounds, finding that Maalouf was not eligible for Section 13 readjustment under the requirements set forth in 8 C.F.R. § 245.3. (*Id.*) Maalouf moved for reconsideration shortly thereafter, and on November 13, 2008, the AAO once again affirmed the prior denial of Maalouf's application. The United States now seeks to remove Maalouf from the country pursuant to Section 240 of the I.N.A. Her removal hearing is scheduled to begin in Immigration Court on December 8, 2009. (Pl. Mot. Stay Ex. at 1-4.)

Maalouf's complaint before this Court seeks judicial review of the AAO's decisions. Although Maalouf was represented by counsel throughout her AAO proceedings, she proceeds in this Court *pro se.* (Compl. at 1.) Maalouf's amended complaint, filed December 16, 2008, challenges the AAO's decision on the grounds that it misinterpreted applicable regulations and therefore erred in finding Maalouf ineligible for Section 13 adjustment. On February 27, 2009, defendant moved to dismiss Maalouf's complaint on the grounds that the AAO's decision was "discretionary," and as such, beyond the jurisdiction of this Court. Maalouf, not surprisingly, opposes the motion. For the following reasons, the Court finds that it lacks jurisdiction to review the AAO decision and GRANTS defendant's motion.

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure bars a federal court from hearing claims beyond its subject matter jurisdiction. Under Rule 12(b)(1),

"the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence." *Lindsey v. United States*, 448 F. Supp. 2d 37, 42 (D.D.C. 2006) (quoting *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006)). Although courts will construe a *pro se* plaintiff's complaint liberally, they must dismiss the plaintiff's complaint if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999) (quoting *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1086 (D.C. Cir. 1998)). Moreover, where a court's subject matter jurisdiction is called into question, the court may consider matters outside the pleadings to ensure it has power over the case. *Teva Pharm., USA, Inc. v. U.S. Food & Drug Admin.*, 182 F.3d 1003, 1008 (D.C. Cir. 1999).

## ANALYSIS

Maalouf argues that the AAO's November 13th, 2008 determination of her statutory ineligibility for Section 13 adjustment was "erroneous in law and in facts." (Am. Compl. at 2.) In essence, Maalouf seeks judicial review of the agency action under the Administrative Procedure Act ("APA"), which authorizes judicial review of "final agency action for which there is no other adequate remedy," 5 U.S.C. § 704, provided no other statute expressly or impliedly forbids the relief sought on review, 5 U.S.C. § 702.[5]

---

[5] The Court easily rejects Defendant's argument that Maalouf's complaint must be

Three requirements limit a federal district court's review of agency action under 5 U.S.C. § 704: the agency action in question must adversely affect the party seeking review, it must be non-discretionary, [6] and it must be final. *See Pinho v. Gonzales*, 432 F.3d 193 (7th Cir. 2000). While there is no question the AAO's decision adversely affects Maalouf and was not discretionary, there is, to say the least, a question as to whether she has exhausted her administrative remedies as required by the statute. Unfortunately for Maalouf, she has not. How so?

Because Maalouf may renew her application for a status adjustment when she appears in Immigration Court for her upcoming removal hearing, s*ee* 8 C.F.R. § 245.2, the Immigration Judge presiding over Maalouf's case will have to consider the same Section 13 issues previously decided by the AAO and now before this Court. *See Pinho*, 432 F.3d at 201. If Maalouf is unhappy with the outcome of the Immigration Judge's decision, she can subsequently appeal that decision to the Board of Immigration Appeals ("BIA"), and if need be thereafter, to an appropriate

---

dismissed because it "totally fails" to comply with federal pleading requirements. (Def. Mot. at 5.) Defendant himself observes that Maalouf is *pro se*, and further that *pro se* complaints are to be construed liberally. *See* Def. Mot. at 2 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1998)). Notwithstanding, defendant seeks to take Maalouf to task for failing to cite the precise statutory provisions under which she seeks relief. As a *pro se* plaintiff, Maalouf need not cite the APA by name or provision; it is abundantly clear from her complaint that she seeks to challenge final agency action which she contends was "erroneous in law and in facts," and the Court construes her complaint to effectively plead APA jurisdiction. *See id.*

[6] Defendant relies most heavily on 8 U.S.C. § 1252(a)(2)(B) to argue against this Court's jurisdiction over the AAO's decision. That section, which expressly forbids any court from reviewing discretionary relief granted under Section 13, is largely duplicative of 5 U.S.C. § 704 to the extent the latter provision generally forbids courts from reviewing discretionary agency action. *See Pinho*, 432 F.3d at 200 n.9.

federal *Court of Appeals*.  8 U.S.C. § 1252(a)(5);[7] *see also Ramani v. Ashcroft*, 378

D.3d 554, 559 (6th Cir. 2004) (noting that the purpose of the I.N.A.'s exhaustion

requirement is to "allow the BIA to compile a record which is adequate for judicial

review" (citation omitted)).

This review process, not surprisingly, is exclusive.  *See* 8 U.S.C. §§

1252(b)(9)[8] and (d)(1).[9]  Thus, other courts who have confronted this issue have

reached the same conclusion.  *See Howell v. INS*, 72 F.3d 288, 293 (2d Cir. 1995)

(finding jurisdiction lacking where removal proceedings had begun because denials

of status adjustment may be reviewed by immigration judges); *cf. Pinho*, 432 F.3d

at 200-201 (holding that an AAO eligibility determination is "final" and ripe for

district court review if removal proceedings have not been initiated, but noting that

judicial review is barred in cases where removal proceedings have begun).

---

[7] 8 U.S.C. § 1252(a)(5) provides, in relevant part: "Notwithstanding any other provision of law . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section."

[8] 8 U.S.C. § 1252(b)(9) provides, in relevant part: "Judicial review or all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.  Except as otherwise provided in this section, no court shall have jurisdiction . . . to review such an order or such question of law or fact."

[9] 8 U.S.C. § 1252(d)(1) provides: "A court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right."

## CONCLUSION

Thus, having failed to exhaust her administrative remedies, this Court lacks jurisdiction over Maalouf's case and defendant's Motion to Dismiss her complaint is GRANTED.  An appropriate order will accompany this Memorandum Opinion.

RICHARD J. LEON
United States District Judge